IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MONICA RUTH,

    Plaintiff,

v.                                              Case No.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE
SERVICING,

    Defendant,

_____/

**DEFENDANT NEWREZ LLC D/B/A**
**SHELLPOINT MORTGAGE SERVICING'S NOTICE OF REMOVAL**

Defendant, NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes to this Court the action styled *Monica Ruth v. NewRez LLC d/b/a Shellpoint Mortgage Servicing*, Case No. 20-004629-CI, pending in the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. In support, Shellpoint states as follows:

1. Shellpoint removes this case pursuant to 28 U.S.C. §1441 as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. The Complaint here raises federal questions, and thus is removable, because the claims at issue are, in total or in part, preempted by the Fair Credit Reporting Act ("FCRA").

2. This Notice of Removal is being filed within 30 days of service of Plaintiff's Complaint on Shellpoint, who was served on October 15, 2020, and is thus timely removed. (*See* 28 U.S.C. § 1446(b)).

3. On September 29, 2020, Plaintiff commenced this action in the Circuit Court, Sixth Judicial Circuit, in and for Pinellas County, Florida, under Case No. 20-004629-CI ("State Court Action"). Copies of all documents filed in the State Court Action and the docket are attached as **Composite Exhibit A**.

4. Plaintiff's Complaint asserts a single count under the Florida Consumer Collection Practices Act ("FCCPA").[1] However, the facts alleged in support of Plaintiff's FCCPA claim arise out of Plaintiff's contention that Shellpoint has improperly reported Plaintiff's account to credit reporting agencies, or has impermissibly charged late fees prohibited by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, div. B tit. XII, 134 Stat. 281 (2020).). (*See* Compl. ¶ 58.) Although these allegations are brought under the guise of the FCCPA, they are undeniably FCRA and CARES Act claims.

5. As such, removal is proper because a plain reading of the Complaint shows that Plaintiff is actually alleging a violation of the FCRA and/or the CARES Act, both of which are federal statutes. Therefore, the entirety of the suit is removable under 28 U.S.C. § 1441(a).

6. State law claims against furnishers of information are preempted by the FCRA. *Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F. 3d 45, 47 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F. 3d 622, 625 (7th Cir. 2011); *Ross v. F.D.I.C.*, 625 F. 3d 808, 813 (4th Cir. 2010).

7. Specifically as to Plaintiff's FCCPA claim, the majority of courts in Florida hold that claims raised under the FCCPA are preempted by the FCRA when the challenged debt collection activity is based on the furnishing of inaccurate information to credit reporting agencies. *Arnold v. Capital One Servs., LLC*, Case No. 8:17-cv-1416-T-33AEP, at *4 (M.D. Fla. Oct. 2,

---

[1] Although the Complaint lists one single FCCPA count, within that Count the Plaintiff alleges four distinct violations. Two of the four violations are directly related to credit reporting and two violations are directly related to the charging of late fees directly related to the CARES Act, *supra*.

2017); *See, e.g.*, *Green v. Chase Bankcard Servs., Inc.*, No. 8:16-CV-3252-T-33AAS, 2017 WL 1135314, at *5 (M.D. Fla. Mar. 25, 2017); *Bank of Am., N.A. v. Zaskey*, No. 9:15-CV-81325, 2016 WL 4991223, at *10 (S.D. Fla. Sept. 19, 2016); *Osborne v. Vericrest Fin., Inc.*, No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011).

8. As Plaintiff's FCCPA claims are, in part, preempted by the FCRA, the doctrine of artful pleading recognized by the Supreme Court applies. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S. Ct. 2424, 2427 n. 2 (1981). Under the artful pleading doctrine, a claim brought in state court that is based on subject matter preempted by federal law is appropriate for removal. *Four Way Plant Farm, Inc. v. National Council on Compensation Ins.*, 894 F. Supp. 1538, 1543 (M.D. Ala. 1995). "A plaintiff is said to have used 'artful pleading' in order to avoid federal jurisdiction in those cases where the pleading is couched in purely state issues but, by implication, substantial issues of federal law must necessarily be decided in order to decide the case." *Greater Jacksonville Transp. Co. v. Jacksonville Port Authority*, 12 F. Supp. 2d 1311, 1313-14 (M.D. Fla. 1998).

9. Here, as discussed above, Plaintiff's FCCPA claims, in part, relate to credit reporting issues – an area that the FCRA covers exclusively such that courts routinely find that the FCRA preempts the FCCPA. As such, removal is appropriate.

10. Venue is proper in the United States District Court, Middle District of Florida, as the Circuit Court in which the action is pending is within its jurisdictional confines. *See* 28 U.S.C. § 1146(a) and the Local Rules for the Middle District of Florida.

11. 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." There are no other named defendants in this action.

WHEREFORE, Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing, respectfully requests that removal of this action to the United States District Court for the Middle District of Florida be hereby effected and that this Court take jurisdiction of this action.

Dated: November 16, 2020.

           Respectfully submitted,

           **HOLLAND & KNIGHT LLP**

           */s/ Wesley Ridout*
           R. Carter Burgess, Esq.
           Florida Bar No. 058298
           Wesley Ridout, Esq.
           Florida Bar No. 84609
           50 North Laura Street, Suite 3900
           Jacksonville, Florida 32202
           Telephone: (904) 353-2000
           Facsimile: (904) 358-1872
           Email: carter.burgess@hklaw.com
                    wesley.ridout@hklaw.com

           *Attorneys for Defendant Shellpoint*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 16th day of November 2020, the foregoing document was served via the Court's CM/ECF system and via email to:

Law Office of Michael A. Ziegler, P.L.
Kaelyn Steinkraus, Esq.
2561 Nursery Road, Suite A
Clearwater, FL 33764
kaelyn@attorneydebtfighters.com
*Attorney for Plaintiff*

           */s/ Wesley Ridout*
            Attorney